### DAGGY *v.* COX.

Where a party contracts to sell and deliver to another a specified number of fattened hogs, "*to be of his best hogs*, weighing two hundred pounds and upward," the purchaser is not obliged *to* receive any but hogs fattened and prepared for the market by the seller himself.

The facts, that the stipulated number of hogs, in part fattened and prepared for market by the seller, and in part by other persons, were weighed in the presence of the purchaser's agent, without objection, and the purchaser offered to take them, provided the seller would receive, in part payment, certain certificates of deposit, which he refused, and the purchaser then refused to take them, "as they did not fill the contract," do not amount to a waiver of the purchaser's right to insist upon the kind of hogs contracted to be delivered.

APPEAL from the *Montgomery* Circuit Court.

DAVISON, J.—*Daggy* was the plaintiff below, and *Cox* the defendant. The complaint consists of three counts. The first is upon a written contract, in this form:

"LADOGA, *Aug.* 4, 1860.

"We, the undersigned, bargain and sell to *Addison Daggy* the number of hogs opposite our respective names; said hogs to be well fatted, and in merchantable condition; said hogs to be weighed between the 20th of November and 20th of December; said hogs to be *our best* hogs, weighing two hundred pounds and upward, for which *Addison Daggy* agrees to pay four dollars per one hundred pounds gross, to be paid in par bankable paper, when the hogs are weighed, with one dollar per head in advance.

| Names. | Number of Hogs. | Amount paid. |
| --- | --- | --- |
| "JAMES KNOX, | 15 | $15 00 |
| "DANIEL H. COX, | 65 | $130 00." |

The plaintiff avers, that when this contract was executed

Daggy v. Cox.

he advanced to the defendant, upon the sale of the sixty-five hogs, one hundred and thirty dollars, and that afterward the defendant, verbally, added four other hogs to the sale, on the terms specified in the written contract, and received from the plaintiff an advance of eight dollars on the four additional hogs, thereby making the number of hogs actually sold sixty-nine, and the sum advanced one hundred and thirty-eight dollars. And further, the plaintiff avers that, on his part, he has kept and performed said contract, and was ready and willing to receive the hogs; but that the defendant failed and refused to deliver them, as, by the contract, he was bound, etc.; wherefore, etc.

The second count is also upon the written contract, and is, in substance, the same as the first. And the third count is for money had and received.

Defendant answered: 1. By a denial. 2. That he kept and performed all the stipulations in said contract, on his part to be kept and performed, and was ready and willing, and offered to deliver to the plaintiff the *number and quality* of hogs specified in the contract, and weighed out the same to the plaintiff; but he refused to receive or pay for the hogs, etc. Whereby defendant was greatly damaged in this, that he was compelled to, and did, sell the hogs for a price lower than the said contract price, to-wit, for three dollars per one hundred pounds gross; and defendant, in fact, says that, by reason of the premises, he has sustained damage to the amount of four hundred dollars, for which he claims judgment, etc.

Reply by a general traverse. The issues were submitted to the Court, who found, specially, as follows:

The plaintiff, on the 4th of August, 1860, advanced to defendant one hundred and thirty-eight dollars, on sixty-four hogs, then sold to him by defendant, and, on the 17th of December, 1860, he called on the defendant and told him that he could not take the hogs unless he, defendant, would

receive, in part payment for the hogs, certificates of deposit in the *Branch Bank* at *New Albany*, at four months, and the residue in money. To this the defendant replied, that he did not think he could take any thing but money, but he would see; and thereupon agreed to meet the plaintiff at the place of weighing, on the twentieth of that month, and then determine whether he would receive the certificates of deposit. At the appointed time, to-wit, the 20th of December, the defendant brought to the place of weighing fifty-eight hogs, of his own feeding and fattening, and, in addition, eleven hogs which he had not fed, but had purchased with a view of putting them in on the contract, making, in all, sixty-nine hogs, the number for which the plaintiff contracted. These hogs were, on the last-mentioned day, tendered to the plaintiff. One *Thomas G. Maiden*, as agent for the plaintiff, attended to the weighing. After the hogs were weighed, the defendant and *Maiden* went to a house near by, where the plaintiff was settling with other persons, and thereupon defendant asked the plaintiff what he would do about taking the hogs? and plaintiff replied, that he would take them if he, defendant, would receive said certificates of deposit in part payment, and the residue in money. This the defendant refused to do, saying that he owed money that he would be compelled to pay. Plaintiff then said that he would not take the hogs unless he, defendant, took said certificates and money, *as they did not fill the contract.* When the hogs were weighed and offered, as aforesaid, plaintiff made no objection to receiving them, on account of there being among the number weighed and tendered certain hogs which were not of the defendant's own fattening. The plaintiff, at the time, had money on hand sufficient to pay defendant for the hogs, but he made no offer to pay the money.

The difference between the contract price of the hogs and the market value thereof, less the money advanced, was, and is, in favor of defendant, fifteen dollars seventy cents.

And for that amount the Court found generally for the defendant. Plaintiff moved for a new trial, but his motion was overruled, and judgment accordingly rendered, etc.

Among the various errors assigned upon the record, the one mainly relied on for a reversal, is: "That the special finding is inconsistent with the general finding." Thus, the defendant, by his contract, agreed to deliver sixty-nine hogs, "to be of *his* best hogs, weighing two hundred pounds and upward," while the special finding is, that defendant had, at the place of delivery, only fifty-eight hogs of his own feeding and fattening, and that, to make up the number sixty-nine, he bought eleven, after the date of the contract, which he had not fed or fattened, and which, with the said fifty-eight, were weighed and offered to the plaintiff. As we construe the contract in evidence in this case, "it points to, and was intended by the parties to embrace, the hogs fattened and prepared for market by the defendant, and not those that may be bought by him, that had been fattened and prepared for market by others." This construction accords precisely with that given to a similar contract in *Mason* v. *Cowan*, 1 B. Monroe, 7; and that case, so far as it relates to the point under consideration, has been referred to, with approval, by this Court. See *Alexander* v. *Dunn*, 5 Ind. 122, and *Bales* v. *Waddle*, 14 Ind. 349. But the appellee contends that the plaintiff, in this case, waived his right, under the contract, to insist on the delivery of hogs fed and fattened by the defendant himself, and that his offer to furnish other hogs "to fill the contract, was, therefore, a sufficient compliance." This conclusion seems to be incorrect. The hogs, it is true, were weighed in the presence of plaintiff's agent, without objection, and the plaintiff offered to take them, provided the defendant would receive, in part payment, certificates of deposit. The defendant refused to receive the certificates, and the plaintiff then stated, that unless he could so pay for the hogs, he would

not take them, " as they did not fill the contract." This is, substantially, the transaction as it occurred. And we perceive nothing in it, or in the entire special finding, in any degree tending to show that the plaintiff waived any of his rights under the contract.

*Per Curiam.*—The judgment is reversed, with costs, and the cause remanded for further trial.

*Addison Daggy*, for the appellant.

*J. E. McDonald* and *A. L. Roache*, for the appellee.